# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Dwight E. Moss,                     )<br>                                                )<br>                    Plaintiff,        )<br>                                                )<br>v.                                           )<br>                                                )<br>                                                )<br>Warden Dobbs,                     )<br>                                                )<br>                    Defendant.    )<br>_____) | Civil Action No.: 8:20-cv-01697-JMC<br><br>**ORDER** |

      This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") filed on October 16, 2020. (ECF No. 25.) The Report recommends that the court dismiss without prejudice Dwight E. Moss's ("Plaintiff") Petition for a Writ of Habeas Corpus (ECF No. 1) based on a lack of subject matter jurisdiction. For the reasons stated herein, the court **ACCEPTS** the Magistrate Judge's Report (ECF No. 25) and incorporates it herein, and **DISMISSES** without prejudice Plaintiff's Petition for Writ of Habeas Corpus (ECF No. 1).

## I. FACTUAL AND PROCEDURAL BACKGROUND

      The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a full recitation. (ECF No. 25.) As brief background, on January 16, 2007, a jury found Plaintiff guilty of various crimes, including possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (ECF No. 25 at 2.) Plaintiff was thereafter "sentenced to a total term of imprisonment of 222 months, which included a term of 150 months' imprisonment as to Count 2, a term of 120 months' imprisonment as to each of Counts 1 and 6, to run concurrently, and a term of 24 months' imprisonment as to each of Counts 3, 4, and 5, to run consecutively to each other and consecutively

to the sentence imposed at Counts 1, 2, and 6."[1] (*Id.* at 2-3.) Plaintiff appealed his case to the United States Court of Appeals for the Eleventh Circuit, and the Eleventh Circuit affirmed his conviction and sentence. (*Id.* at 3.) *United States v. Moss*, 273 F. App'x 840 (11th Cir. 2008). At the time of the Petition's filing, Plaintiff was incarcerated at the Williamsburg General Correctional Institute in South Carolina.[2] (ECF No. 25 at 1.)

Since his conviction and sentencing, Plaintiff has filed two Motions to Vacate his sentence under 28 U.S.C. § 2255 before the court in the South District of Florida, both of which were denied. (*Id.* at 3.) Thereafter, Plaintiff filed two additional motions under 28 U.S.C. § 2241 before this court, alleging, *inter alia*, that he is actually innocent of his charge concerning possession of a firearm. (*Id.* at 4.) Both motions were denied. (*Id.*) On April 30, 2020, Plaintiff filed the instant Petition under 28 U.S.C. § 2241. (ECF No. 1.) In the Petition, Plaintiff again alleges his conviction regarding his possession of a firearm charge is unconstitutional and he "is actual[ly] innocen[t]" due to the ruling in *Rehaif v. United States*, 139 S. Ct. 2191 (2019).[3] (ECF No. 1 at 4.)

The Magistrate Judge issued the Report on October 16, 2020. (ECF No. 25.) In a thorough and well-reasoned analysis, the Magistrate Judge determined the court lacked subject matter jurisdiction over the pending matters. (*Id.* at 11.) Specifically, the Magistrate Judge observed Plaintiff's Petition, which was brought under § 2241, could survive only if Plaintiff first showed "the relief available to him under § 2255 was inadequate or ineffective." (*Id.* at 6.) For relief to be

---

[1] Plaintiff was convicted and sentenced in the United States District Court for the Southern District of Florida. (ECF No. 25 at 2.)
[2] It appears Plaintiff is now completing the remainder of his sentence on supervised release. Despite his release, the Magistrate Judge concluded "an evaluation of the present action remains necessary." (ECF No. 25 at 1.)
[3] The Magistrate Judge observed that, "[i]n addition to the reasons for dismissal explained below, . . . this action should be dismissed because it is duplicative of Petitioner's prior habeas action[.]" (ECF No. 25 at 4 n.2.)

2

"inadequate or ineffective" under § 2255 (also known as the "savings clause"), the Magistrate Judge explained that Plaintiff was required to show:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.

(*Id.* at 7 (citing *In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000)).)

The Magistrate Judge ultimately found Plaintiff failed at element two because he did not show the conduct underlying his conviction was no longer criminal.[4] (*Id.* at 9.) Although *Rehaif*, which was decided after Plaintiff's conviction, required the government to additionally "prove both that a defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm," here the Magistrate Judge concluded such requirements were met because Plaintiff "stipulated at trial that he was a felon." (*Id.* at 10.) Thus, as "the Government met its burden of proof, [Plaintiff] cannot show that the conduct of which he was convicted is no longer criminal." (*Id.*) Neither party has filed objections to the Report.[5]

## II. LEGAL STANDARD

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The responsibility to make a final determination remains

---

[4] "[B]ecause Petitioner was convicted in the Southern District of Florida, the [Magistrate Judge] applie[d] the substantive law of the Eleventh Circuit and the procedural law of the Fourth Circuit in determining whether the savings clause has been satisfied." (ECF No. 25 at 8.)

[5] The court observes the Report was mailed to Plaintiff at least twice and was returned as undeliverable.

with the court. *Id.* at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report to which specific objections are made. *See* 28 U.S.C. § 636(b)(1). *See also* FED. R. CIV. P. 72(b)(3). In the absence of specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting FED. R. CIV. P. 72 advisory committee's note). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is required to interpret *pro se* documents liberally and will hold those documents to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). *See also Hardin v. United States*, C/A No. 7:12-cv-0118-GRA, 2012 WL 3945314, at *1 (D.S.C. Sept. 10, 2012). Additionally, *pro se* documents must be construed in a manner, "no matter how inartfully pleaded, to see whether they could provide a basis for relief." *Garrett v. Elko*, No. 95-7939, 1997 WL 457667, at *1 (4th Cir. Aug. 12, 1997). Although *pro se* documents are liberally construed by federal courts, "[t]he 'special judicial solicitude' with which a district court should view *pro se* complaints does not transform the court into an advocate." *Weller v. Dep't of Soc. Servs. for Balt.*, 901 F.2d 387, 391 (4th Cir. 1990).

### III. DISCUSSION

Here, neither party has objected to the Report and the court discerns no clear error on the face of the record. The court has carefully examined the findings of the Report and concludes

the Petition must be dismissed due to a lack of subject matter jurisdiction. *See* FED. R. CIV. P. 12(h)(3) ("[I]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Platts v. O'Brien*, 691 F. App'x 774 (4th Cir. 2017) (dismissing § 2241 petition without prejudice "because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits" (citation omitted)).

## IV. CONCLUSION

After a thorough review of the Report and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 25) and incorporates it herein, and **DISMISSES** without prejudice Plaintiff's Petition for Writ of Habeas Corpus (ECF No. 1).

### Certificate of Appealability

The law governing certificates of appealability provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

November 17, 2020
Columbia, South Carolina